Dear Mr. Lawrence:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. On behalf of the Monroe City School Board ("Board"), you have asked for our opinion as to what options are available to the Board for the sale of a former school site.
The site is known as the former Georgia Tucker Elementary School and includes immovable property and all structure and improvements situated thereon. The property in question does not involve sixteenth section lands or school indemnity lands. The site was previously declared by the Board to be surplus property that is no longer needed for school purposes. Your request indicates that a formal real estate appraisal of the site was obtained and the advertisement placed by the Board fixed the minimum bid price as the appraised value of the property. However, no bids or offers were received.
You now submit the following questions for our consideration:
 (1) If a school board opts to sell surplus immovable property via a public auction, following its failure through a sealed bid process to receive any sealed bids to purchase for an amount not less than the appraised value, may the property be sold to the highest bidder at an auction, even if the highest bid is less than the appraised value?
 (2) If a school board is unable to sell a tract of surplus immovable property by sealed bid or through a public auction for an amount not less than the appraised value, is there any scenario in which the tract of immovable property can subsequently be offered for sale and sold for less than its appraised value?
 (3) Also, with respect to the disposal of surplus school property by exchange, you ask for us to affirm the position stated by our office in Attorney General Opinion No. 06-0285. *Page 2 
Based upon the information provided to our office, it appears that the Board has followed the provisions of La.Rev.Stat. 41:891 and 892 in its attempt to sell the former school site. Previous opinions of this office have recognized that La.Rev.Stat. 41:891 and 892 authorize school boards to sell non-sixteenth section lands not needed for school purposes via a public auction or sealed bids process. See Attorney General Opinions 97-408, 05-0172.
La.Rev.Stat. 41:891 and 892 provide the following:
 § 891. Sale of unused school lands
 Whenever the school board of any parish or city determines that any school lands or other immovable property under its control are no longer needed for school purposes and that the best interest of the public school system would be served by the sale of such lands, the school board shall have authority to dispose of such lands at public auction or under sealed bids in accordance with the procedure set forth in this subpart; provided that this subpart shall not apply to the sale of sixteenth section lands, school indemnity lands or any other school lands for the sale of which the law already has provided a procedure in Chapter 6 of Title 41 of the Louisiana Revised Statutes or elsewhere in the law.
 § 892. Procedure; deed of sale
 A. Whenever a sale of property described in R.S. 41:891
is ordered by the school board, the sale shall be made by the president of the school board in person or through an auctioneer designated by the school board.
 B. The sale at public auction or under sealed bids shall be made only after advertisement on at least three separate days for at least thirty days prior to the date on which the land is to be offered for sale in the official journal of the parish in which the land is situated or, if no newspaper is published in the parish, then by posting a written or printed notice for thirty days at or near the front door of the court house in the parish in which the property is situated, at or near the front door of the school board office and at one other public place in the parish.
 C. On the day named in the advertisement, the property shall be sold at public auction at the school board office, between the hours of eleven o'clock A.M. and four o'clock P.M., with appraisement, to the last and highest bidder, upon such terms and conditions as the school board shall *Page 3 
determine. The deeds shall contain the usual security clauses and a stipulation to pay ten per cent attorney's fees in the event it becomes necessary to secure the services of an attorney for the purpose of collection. In the event the highest bid is not equal to the appraisement of the property, the sale shall be cancelled and no bid shall be accepted.
 D. On the date named in the advertisement if the property is to be sold under sealed bids, the bids shall be opened in the offices of the school board at the hour designated in the advertisement. The property shall be sold to the highest bidder upon such terms and conditions as the school board shall determine. The deed shall contain the usual security clauses and a stipulation to pay ten per cent attorney's fees in the event it becomes necessary to secure the services of an attorney for the purpose of collection. The school board shall reserve the right to reject any and all bids, and all bids shall be rejected in the event the highest bid is not equal to the appraised value of the property to be sold.
 E. The deed of the president of the school board shall be full and complete evidence of the sale, shall convey a good and valid title to the property sold and shall have the force and effect of a notarial act.
(emphasis added).
In response to your first two (2) questions, we note that the plain language of La.Rev.Stat. 41:892 (C) provides that for property sold at auction, "in the event the highest bid is not equal to the appraisement of the property, the sale shall be cancelled and no bid shall be accepted". Further, the plain language of La.Rev.Stat. 41:892 (D) provides that for property sold under sealed bids, "all bids shall be rejected in the event the highest bid is not equal to the appraised value of the property to be sold". Accordingly, with respect to the first two (2) questions presented, it our opinion that no bid or offer should be accepted if it fails to equal the appraised value of the property sold.
In this particular case, you have indicated that a formal real estate appraisal of the property was obtained and public bids were solicited. However, no bids were received. We recommend, at a minimum, the property be re-appraised and subjected to the public bid process a second time. We also believe the Board should take additional steps in order to determine and obtain the fair market value for any property sought to be alienated. These steps would include multiple appraisals, multiple advertisements of the intended alienation, and multiple attempts to obtain offers equivalent to the appraised value. We believe such efforts are in accord with the statutory and constitutionally mandated requirement that the public entity receive fair market value for the property sought to be alienated. *Page 4 
Turning attention now to your third question, Attorney General Opinion No. 06-0285 addressed the exchange of school board property. There, we were asked if the Avoyelles Parish School Board could exchange property no longer needed for public purposes without public bid or auction.
In response, we noted that the general consensus of this Office has been that school boards are permitted, under La.Const. Art. VI, Sec. 23, to make exchanges of unused school board property, provided that such property is not sixteenth section or school indemnity lands and the exchange comports with the mandate of La.Const. Art. VII, Sec. 14.
We also recognized that La.Rev.Stat. 17:87.6 authorized any school board to exchange property no longer needed in the operation of any school or schools within its jurisdiction, with such exchange done on such terms and conditions and for such consideration as the school board shall describe. We took further cognizance of the fact that La.Rev.Stat.41:891 et seq, partially repealed La.Rev.Stat. 17:87.6 as a more recent expression of legislative will, but such repeal was with regard to the sale of school board immovable property, not the exchange, and La.Rev.Stat. 17:87.6 remained viable. See Attorney General Opinion No. 75-1261, Attorney General Opinion No. 80-275, and Attorney General Opinion No. 93-130.
As a result, we adopted the reasoning expressed in previous opinions of this Office which noted that the exchange of property by school boards need only comply with La.R.S. 17:87.6 and not La.R.S. 41:891et seq. See e.g., La. Atty. Gen. Op. Nos. 01-0321 and 93-130.
We believed the former statute did not carry with it the requirement that the school board advertise the proposed exchange or put the proposed exchange out for auction or bids. The only requirement, under the previous opinions of this Office, has been that the acquired property indeed be used for school purposes. Id. Thus, it was our opinion that the exchange of school board lands, provided that La.Const. Art. VII, Sec. 14 was not overrun by property value differences, can validly be accomplished without public advertisement or bids/auctions.
After review of the conclusion reached in Attorney General Opinion No. 06-0285 and the references cited therein, we affirm our position. We currently are of the opinion that La.Rev.Stat. 17:87.6 remains viable relative to exchanges and school boards may exchange property no longer needed for school purposes without public advertisement or bids/auctions. Such exchange may be executed only after the school board makes a finding that the subject property is not used and is not needed in the operation of any school or schools within its jurisdiction. Further, the acquired property must be used for school purposes and the exchange must comport with the mandate of La.Const. Art. VII, Sec. 14 as articulated above. *Page 5 
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY:__________________________ MICHAEL J. VALLAN Assistant Attorney General
JDC/MJV/crt